**JOHN L. BURRIS, Esq. SBN 69888**
**ADANTE D. POINTER, Esq. 236229**
**MELISSA C. NOLD, Esq. SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
adante.pointer@johnburrislaw.com
melissa.nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY PAWLIK, individually and as Successor-in-Interest to Decedent JOSHUA PAWLIK,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BERGER, individually and in his official capacity as Police Officer for the CITY OF OAKLAND; BRANDON HRAIZ, individually and in his official capacity as Police Officer for the CITY OF OAKLAND; CRAIG TANAKA, individually and in his official capacity as Police Officer for the CITY OF OAKLAND; FRANCISCO NEGRETE, individually and in his official capacity as Police Officer for the CITY OF OAKLAND; and DOES 1-50, individually and in their official capacities as Police Officers for the CITY OF OAKLAND, inclusive.<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. On March 11, 2018, at approximately 6:15 p.m., Oakland Firefighters were dispatched to an unconscious man lying on the ground between two houses. When firefighters arrived, they found Mr. Joshua Pawlik, unconscious on the ground with a handgun near his body. Fire personnel summoned City of Oakland Police Officers. Oakland Police Department Officers arrived in an armored, military grade vehicle as Mr. Pawlik remained unresponsive and unconscious for an additional 45 minutes, with no awareness that officers were present. Inexplicably, multiple police officers stood behind the vehicle and pointed their AR-15 assault rifles at Mr. Pawlik but failed to make any attempts to approach Mr. Pawlik and safely disarm him while he lay on the ground clearly unconscious.

2. The Officers continued to issue orders to Mr. Pawlik over a loudspeaker. The noise eventually caused him to slowly begin to regain consciousness and as he started moving his head around, he made no effort to reach for the gun. Nevertheless, the assembled officers unleashed a barrage of gunfire and peppered Mr. Pawlik's body with multiple gunshots as they stood safely located behind the armored truck.

3. This action seeks to recover damages for the violation of Mr. Pawlik's civil rights and the civil rights of his mother, Mrs. Kelly Pawlik.

# JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Oakland, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

2. Plaintiff KELLY PAWLIK (hereinafter referred to as "PLAINTIFF") is at all times mentioned

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, WRONGFUL DEATH & DAMAGES - 2

herein a natural person. Plaintiff is acting in her individual capacity and as Successor-in-interest and biological mother of Decedent, KELLY PAWLIK. Plaintiff is the only person with standing to bring this action pursuant to California Code of Civil Procedure 377.30 and 377.60 and California Probate Code 6402. Decedent, JOSHUA PAWLIK, was not married at the time of his death, did not have children and died without leaving a will. Decedent's biological father is deceased.

3. Defendant CRAIG TANAKA, (hereinafter "TANAKA") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City of Oakland.

4. Defendant WILLIAM BERGER, (hereinafter "BERGER") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City of Oakland.

5. Defendant BRANDON HRAIZ, (hereinafter "HRAIZ") is and at all times mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City of Oakland.

6. Defendant FRANCISCO NEGRETE, (hereinafter "NEGRETE") is and at all times Mentioned herein a natural person. He is being sued in his individual and official capacity as a police officer for the City of Oakland.

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation

of public policy and/or use of excessive force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend her complaint subject to further discovery.

8. In engaging in the conduct alleged herein, defendant police officers acted under the color of Law and in the course and scope of their employment with OPD.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers, under the United States and California Constitutions, and as employees of OPD.

9. For state law causes of action related to Federal claims, Plaintiff is required to comply with Administrative claim filing requirements under California law. On September 6, 2018, Plaintiff filed a Government Tort Claim with the OPD, notifying OPD of Plaintiff's claims for damages. The City rejected the claim on October 10, 2018.

**STATEMENT OF FACTS**

10. On March 11, 2018, at approximately 6:15 p.m., Oakland Firefighters recieved reports that there was an unconsious man laying on the ground between two houses on the 900 block of 40th Avenue, in the City of Oakland, California. When firefighters arrived, they found Mr. Joshua Pawlik, unconscious and laying on the ground. The first responders saw a firearm laying on the ground near his body but not within immediate reach. In an abundance of caution, the firefighters contacted the Oakland Police Department for assistance.

11. Shortly thereafter, City of Oakland Police Officers arrived on scene. Approximately 45 minutes elapsed with Mr. Pawlik remaining unresponsive and unconscious. He was apparently unaware there were any officers at the scene or calling out to him. Inexplicably, none of the assembled officers made any attempts to approach Mr. Pawlik and/or retrieve the weapon as he lay unconscious.

12. Nevertheless, an armored, military grade tank was sent to the scene. Multiple City of Oakland Police Officers positioned themselves safely behind the bulletproof tank and pointed their AR-15 assault rifles at the unconscious man. They then proceeded to call out to him using a loud speaker.

13. Foreseeably and consistent with the Officers' efforts Mr. Pawlik finally began to slowly regain conscious.  As he did so he made some slight movements but in no way reached for or actually touched the handgun. It appears from the video tape of this incident he was merely in the process of trying to acclimate himself to his surroundings and the Officers' booming orders. He did not pose an immediate threat to the Officers or anyone else.

14. Nevertheless, the Defendant Officers inexplicably unleashed a barrage of gunfire down onto Mr. Pawlik. Mr. Pawlik was struck several times. Tragically, Mr. Pawlik died from the Defendant Officers' use of deadly force despite Mr. Pawlik not presenting an imminent threat at the time they elected to shoot and kill him.

## DAMAGES

15. Plaintiff was and is mentally, and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment.

16. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

17. Plaintiff, as Successor in interest to Joshua Pawlik, is entitled to recover damages pursuant to the Decedent's right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

18. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of Decedent and plaintiff under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that she is the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

(Plaintiff, as Successor-in-Interest to Decedent Joshua Pawlik v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 of this complaint.

20. Defendants' above-described conduct violated Decedent's right, as provided for under the Fourth Amendment to the United States Constitution, to be free from excessive and/or arbitrary and/or unreasonable use of deadly force against him.

21. Joshua Pawlik was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death.

22. Joshua Pawlik did not file a legal action before his death.

23. Plaintiff is the sole successor in interest of Joshua Pawlik's claims for the conscious pain and suffering incurred by Joshua Pawlik, as provided for under 42 U.S.C. §1983.

24. Defendants acted under color of law by shooting and killing Decedent without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the

Fourth Amendment to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Violations of Plaintiff's Civil Rights to Familial Relationship)**

**(42 U.S.C. § 1983)**

(Plaintiff v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

25. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint as though fully set forth;

26. Defendants, acting under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship by seizing Decedent by use of lawfully unreasonable deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation and did attempt to conceal their extraordinary use of force and hide the true cause of Decedent's demise to deprive Plaintiff of her right to seek redress in violation of their rights, privileges, and immunities secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

**(Wrongful Death - Negligence)**

**(C.C.P. §377.60 and 377.61)**

(Plaintiff, individually and as Successor-in-Interest to Decedent Joshua Pawlik v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

27. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 26 of this

Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

28. Defendants Officers and DOES 1-25 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent Joshua Pawlik as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

29. As an actual and proximate result of said defendants' negligence, and the death of Decedent, Plaintiff has sustained pecuniary loss along with the loss of comfort, society, and services of her son in an amount according to proof at trial.

30. As a further actual and proximate result of said defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

31. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages against said defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Violation of Right To Enjoy Civil Rights)**

**(Violation of CALIFORNIA CIVIL CODE §52.1)**

(Plaintiff, as Successor-in-Interest to Decedent Joshua Pawlik v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34 of this Complaint.

33. Defendants Officers and DOES 1-25's above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Decedent Joshua Pawlik's

peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

(Plaintiff, as Successor-in-Interest to Decedent Joshua Pawlik v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

34. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this complaint.

35. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

(Plaintiff, as Successor-in-Interest to Decedent Joshua Pawlik v. Defendants BERGER, HRAIZ, TANAKA, NEGRETE and DOES 1-25 inclusive)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

37. Defendants' above-described conduct was extreme, unreasonable and outrageous.

38. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Decedent would suffer extreme emotional distress as a result of suddenly being awoken and shot to death.

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth

## JURY DEMAND

39. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. Injunctive relief to be determined;

4. For funeral and burial expenses according to proof;

5. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendant officers and DOES 1 through 25 and/or each of them;

6. Any and all permissible statutory damages;

7. For reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

8. For cost of suit herein incurred.


**Dated:  February 5, 2018**            THE LAW OFFICES OF JOHN L. BURRIS

*/s/ John L. Burris*
 **JOHN L. BURRIS**
 **ADANTE D. POINTER**
 **MELISSA C. NOLD**
 **Attorneys for Plaintiff**