1  BARBARA J. PARKER, City Attorney – SBN 069722
   MARIA BEE, Chief Assistant City Attorney - SBN 167716
2  DAVID A. PEREDA, Special Counsel – SBN 237982
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California  94612
   Telephone:  (510) 238-6520, Fax:  (510) 238-6500
4  Email: dpereda@oaklandcityattorney.org
   32935-1/2761327
5
   Attorneys for Defendant
6  CITY OF OAKLAND

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11

12  KELLY PAWLIK, individually and as                Case No. 3:19-cv-00617-WHA
    Successor-in-interest to Decedent JOSHUA
13  PAWLIK,                                          **CITY OF OAKLAND'S ANSWER TO
                                                     FIRST AMENDED COMPLAINT**
14                      Plaintiff,

15          v.

16  CITY OF OAKLAND; a municipal corporation;
    WILLIAM BERGER, individually and in his
17  official capacity as Police Officer for CITY THE
    OF OAKLAND; BRANDON HRAIZ
18  individually and in his official capacity as Police
    Officer for the CITY OF OAKLAND; CRAIG
19  TANAKA, individually and in his official
    capacity as Police Officer OF OAKLAND;
20  FRANCISCO NEGRETE individually and in his
    official Police Officer for the CITY OF
21  OAKLAND; and DOES 1-50, individually and
    in their official capacities as Police Officers for
22  the CITY OF OAKLAND, inclusive,

23                      Defendants.

24

25

26

27

28

The City of Oakland responds to Plaintiff Kelly Pawlik's First Amended Complaint as follows:

## INTRODUCTION

1. As to Paragraph 1, the City states that on March 11, 2018, a person called 911 to report that he saw a man—later identified as Joshua Pawlik—laying down between two houses on 40th Street in Oakland and that he thought that he may have seen a pistol in the man's hand. Oakland Police officers responded to the call. Except as expressly admitted, the City denies each and every allegation.

2. As to Paragraph 2, the City states that Oakland Police officers attempted to safely disarm Mr. Pawlik. Officers used lethal force after they saw Mr. Pawlik raise a pistol towards the officers and Mr. Pawlik did not comply with the officers' commands to stop moving and to get his hand off the pistol. Except as expressly admitted, the City denies each and every allegation.

3. Paragraph 3 attempts to characterize the lawsuit; no response is required. To the extent a response is deemed necessary, the City denies each and every allegation.

## JURISDICTION

4. As to Paragraph 4, the City states that this Court has jurisdiction over this action and that venue is proper. Except as expressly admitted, the City denies each and every allegation.\

5. As to Paragraph 5, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

6. As to Paragraph 6, the City admits the allegations.

7. As to Paragraph 7, the City admits the allegations.

8. As to Paragraph 8, the City admits the allegations.

9. As to Paragraph 9, the City admits the allegations.

10. As to Paragraph 10, the City admits the allegations.

11. As to Paragraph 11, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

12. As to Paragraphs 12, the City states that the officers named in Paragraphs 7 through

10 acted under the color of law and within the course and scope of their employment as Oakland Police officers. Except as expressly admitted, the City denies each and every allegation.

13. As to Paragraph 13, the City states that it received Claim No. C32935 on September 12, 2018 and denied that claim on October 10, 2018.

**STATEMENT OF FACTS**

14. As to Paragraph 14, the City states that on March 11, 2018, a person called 911 to report that he saw a man—later identified as Joshua Pawlik—laying down between two houses on 40th Street in Oakland and that he thought that he may have seen a pistol in the man's hand. Oakland Police officers responded to the call. Except as expressly admitted, the City denies each and every allegation.

15. As to Paragraph 15, the City states that when officers arrived at the scene they found Mr. Pawlik laying down with a pistol in his hand. Except as expressly admitted, the City denies each and every allegation.

16. As to Paragraph 16, the City states that when Oakland Police officers arrived at the scene, they established a perimeter, blocked traffic, and took cover. Except as expressly admitted, the City denies each and every allegation.

17. As to Paragraph 17, the City denies each and every allegation.

18. As to Paragraph 18, the City states that at least forty-five minutes after Oakland Police officers first saw Mr. Pawlik, the officers used lethal force after they saw him point a pistol towards the officers and Mr. Pawlik did not comply with the officers' commands to stop moving and to get his hand off the pistol. Unfortunately, Mr. Pawlik did not survive. Except as expressly admitted, the City denies each and every allegation.

19. As to Paragraph 19, the City denies each and every allegation.

20. As to Paragraph 20, the City denies each and every allegation.

21. As to Paragraph 21, the City denies each and every allegation.

22. As to Paragraph 22, the City denies each and every allegation.

23. As to Paragraph 23, the City denies each and every allegation.

24. As to Paragraph 24, the City denies each and every allegation.

25. As to Paragraph 25, the City denies each and every allegation.

26. As to Paragraph 26, the City denies each and every allegation.

27. As to Paragraph 27, the City denies each and every allegation.

28. As to Paragraph 28, the City denies each and every allegation.

29. As to Paragraph 29, the City denies each and every allegation.

30. As to Paragraph 30, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

31. As to Paragraph 31, the denies each and every allegation.

32. As to Paragraph 32, the City denies each and every allegation.

33. As to Paragraph 33, the City denies each and every allegation.

34. As to Paragraph 34, the City denies each and every allegation.

**FIRST CAUSE OF ACTION**

35. As to Paragraph 35, the City incorporates its responses to the preceding paragraphs as though fully set forth.

36. As to Paragraph 36, the City denies each and every allegation.

37. As to Paragraph 37, the City denies each and every allegation.

38. As to Paragraph 38, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

39. As to Paragraph 39, the City lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

40. As to Paragraph 40, the City denies each and every allegation.

**SECOND CAUSE OF ACTION**

41. As to Paragraph 41, the City incorporates its responses to the preceding paragraphs as though fully set forth.

42. As to Paragraph 42, the City denies each and every allegation.

**THIRD CAUSE OF ACTION**

43. As to Paragraph 43, the City incorporates its responses to the preceding paragraphs as though fully set forth.

1  44. As to Paragraph 44, the City denies each and every allegation.

2  45. As to Paragraph 45, the City denies each and every allegation.

3  46. As to Paragraph 46, the City denies each and every allegation.

4  47. As to Paragraph 47, the City denies each and every allegation.

5  48. As to Paragraph 48, the City denies each and every allegation.

**FOURTH CAUSE OF ACTION**

7  49. As to Paragraph 49, the City denies each and every allegation.

8  50. As to Paragraph 50, the City incorporates its responses to the preceding paragraphs as though fully set forth.

10  51. As to Paragraph 51, the City denies each and every allegation.

11  52. As to Paragraph 52, the City denies each and every allegation.

12  53. As to Paragraph 53, the City denies each and every allegation.

13  54. Paragraph 54 attempts to characterize this action; no response is required. To the extent that a response is deemed necessary, the City denies each and every allegation.

**FIFTH CAUSE OF ACTION**

16  55. As to Paragraph 55, the City incorporates its responses to the preceding paragraphs as though fully set forth.

18  56. As to Paragraph 56, the City denies each and every allegation.

**SIXTH CAUSE OF ACTION**

20  57. As to Paragraph 57, the City incorporates its responses to the preceding paragraphs as though fully set forth.

22  58. As to Paragraph 58, the City denies each and every allegation.

23  59. As to Paragraph 59, the City denies each and every allegation.

24  ///

# AFFIRMATIVE DEFENSES

1. **First Affirmative Defense (Standing)**: Plaintiff is not a real party in interest and lacks standing to sue Defendants.

2. **Second Affirmative Defense (Qualified/Absolute Immunity)**: The doctrines of qualified and/or absolute immunity bar each of Plaintiff's federal claims.

3. **Third Affirmative Defense (Discretionary Immunity)**: Plaintiff's action is barred because the alleged wrongful acts and omissions are based on the exercise of a discretionary duty or discretionary function on the part of the public defendants. Accordingly, Defendants are immunized from liability as a matter of law.

4. **Fourth Affirmative Defense (Statute of Limitations)**: The causes of action in the Complaint are barred by the applicable statutes of limitation, including Government Code section 945.6 and California Code of Civil Procedure section 335.1.

5. **Fifth Affirmative Defense (Tort Claims Act)**: The causes of action in the Complaint are barred because Plaintiff failed to present a timely claim in accordance with the Government Claims Act.

6. **Sixth Affirmative Defense (Comparative Negligence)**: Plaintiff's decedent's negligence contributed to and was the proximate case of Plaintiff's injuries and damages.

7. **Seventh Affirmative Defense (Privilege, Justification)**: The officers' conduct was privileged and/or justified under applicable law.

8. **Eighth Affirmative Defense (Statutory Immunity)**: The City and its employees are immune from all liability pursuant to Government Code Sections 815(b); 815.2(b); 815.4; 818.4; 818.6, 818.7; 818.8; 820(b); 820.2; 820.4; 820.6; 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7; 831.8; 835.4; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; California Vehicle Code sections 16004 and 17004.7; California Penal Code sections 142, 148, 409, 834a, 834, 835, 835a, 836, 844, 845, 847, 849, 1531 and 1532; California Welfare and Institutions Code sections 5150, 5113, 5153, 5154, 5173; and Civil Code section 43.5 and related provisions of these code sections and interpretative case law.

9. **Ninth Affirmative Defense (Self Defense and Defense of Others)**: Any alleged use of force was the lawful exercise of the right of self-defense and defense of public and privileged and/or justified by law.

Dated: June 3, 2019                          Respectfully submitted,

                                             BARBARA J. PARKER, City Attorney
                                             DAVID A. PEREDA, Special Counsel


                                             By: _____/s/ David Pereda____
                                                 Attorneys for Defendant
                                                 CITY OF OAKLAND